UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:22-cv-81293-BER

ISLAND IP ACQUISITIONS, LLC,

    Plaintiff,

vs.

SPENCER ANTLE,
ISLAND COMPANY LLC, and
ISLAND COMPANY RUM, INC.,

    Defendants.

_____/

## JOINT STIPULATION FOR PROCEDURAL MATTERS AND [PROPOSED] ORDER

Pursuant to the Court's telephonic status conference held on November 9, 2023 (DE 77), and the Court's agreement to accommodate, if possible, the parties' desire to streamline the litigation, the parties have met and conferred regarding certain procedural matters intended to resolve two threshold issues, namely: (1) whether the trademarks and service marks asserted by Plaintiff Island IP Acquisitions, LLC have been legally abandoned (Defendant Island Company Rum, LLC's Counterclaim Count II/Defendants' collective related affirmative defenses) (the "Abandonment Issue"); and (2) what entity owns the ISLAND COMPANY RUM SIMPLY THE SMOOTHEST X [and design] registered trademark Registration No. 4902534 (shown below) (the "ISLAND COMPANY RUM X Mark Ownership Issue," and collectively, "the Summary Judgment Issues").

134549445.2



Accordingly, Plaintiff, Island IP Acquisitions, LLC ("Plaintiff"), and Defendants Spencer Antle, Island Company LLC, and Island Company Rum, Inc. ("Rum, Inc.") (collectively, "Defendants") stipulate and agree, effective upon Order of this Court:

### A. Motions for Partial Summary Judgment Addressing the Abandonment Issue and ISLAND COMPANY RUM X Mark Ownership Issue

Plaintiff may file one motion for partial summary judgment on the Abandonment Issue and Defendants may collectively file one motion for partial summary judgment on the ISLAND COMPANY RUM X Mark Ownership Issue, according to the briefing schedule set forth below. Filing these motions for partial summary judgement shall not trigger the prohibition on filing additional summary judgment motions under S.D. Fla. L.R. 56.1(e).

Plaintiff may file one brief opposing Defendants' motion for summary judgment and Defendants may collectively file one brief opposing Plaintiff's motion for summary judgment. The moving part(ies) may then, if desired, file a reply brief.

In support of each motion or opposition brief, the parties may submit affidavits or declarations, which must be a Business Records Affidavit, or one made on personal knowledge, and set out facts that would be admissible in evidence and show that the affiant or declarant is competent to testify on the matters stated. If requested, the party submitting a declaration or affidavit must make the declarant or affiant available to the other side for oral examination (limited in scope to the topics of the witness' declaration or affidavit) at a mutually-agreeable time and place reasonably before the other side's briefing deadline.

On or before December 15, 2023, the parties shall exchange written preliminary disclosures identifying those documents upon which they intend to rely and those persons or entities whose deposition testimony and/or declarations they intend to submit (together with a brief description of the topic(s) of the witness' expected testimony) or otherwise rely upon in support of or in opposition to either or both of the Summary Judgment Issues. The parties agree that these preliminary disclosures are intended only to assist the parties to more efficiently prepare discovery requests. The parties agree that during this process the parties may identify additional documents and/or witnesses they wish to rely upon in their respective briefs. Provided a party's preliminary disclosures are made in good faith, such party shall not be limited to relying upon only those documents and witnesses identified in the preliminary disclosures.

Beginning on the date of the Court's Order approving this Stipulation, each side shall be permitted to serve written discovery on the other including requests for the production of documents and things, interrogatories, and requests for admission, provided such requests are relevant to resolution of the two summary judgment motions. All written discovery requests shall be served by December 19, 2023 so responses are served by January 19, 2024. Responsive documents shall be produced on a rolling basis with substantial completion to be certified by the producing party by January 23, 2024. The parties believe no expert discovery or testimony is necessary to resolve the two Summary Judgment Issues.

Regarding Defendants' Interrogatories and First Request for Production of Documents propounded on October 26, 2023, Plaintiff's deadline to respond to these requests shall be stayed subject to the following process. The parties agree to promptly meet and confer during the week of November 27, 2023 in order to identify and negotiate in good faith which of the requests Defendants contend are germane to the Summary Judgment Issues. Responses to requests the

parties agree are germane to the Summary Judgment Issues shall be due no later than December 15, 2023. Responses to requests the parties agree do not relate to the Summary Judgment Issues will remain stayed. If the parties reach an impasse as to whether any of the requests are germane to the Summary Judgment Issues, the parties shall identify the disputed request(s) to the Court in a joint letter and request a ruling on the issue.

Depositions will be limited to the Summary Judgment Issues. The parties shall meet and confer in good faith to schedule such depositions at mutually-agreed times and locations.

A witness may be deposed only once about the Summary Judgment Issues unless the witness submits a declaration or affidavit in support of a brief as provided above, or the parties otherwise agree or the Court otherwise orders. Any time taken to depose witnesses on these Summary Judgment Issues will not count against the time limitations of Fed. R. Civ. P. 30(d)(1). In no event will such a deposition take more than five (5) hours. A party or witness may subsequently be re-deposed as to non-Summary Judgment Issues in the remaining case.

Any objections on the basis that discovery sought by a party is unrelated to or irrelevant to the Summary Judgment Issues shall be promptly identified to the propounding party via email and the parties shall promptly meet and confer in an effort to resolve the objection. If the parties cannot resolve the objection, the parties shall jointly bring the issue to the attention of the Court by letter within five business days of service of the request on the responding party. All other objections shall be raised according to the Court's usual procedures.

The parties and the third parties waive no right to withhold discovery based on appropriate objections or applicable privilege.

B. **Rum, Inc.'s Proposed Amended Counterclaim, Count I**

Rum, Inc. intends to seek leave to amend count I of its counterclaims. The motion for leave to amend together with the proposed amendment shall be filed by November 29, 2023. Plaintiff shall file any opposition to Defendant's motion seeking leave to amend by December 6, 2023.

No later than 10 calendar days following the Court's Order on Defendants' motion seeking leave to amend (and entry of Defendant Rum Inc.'s amended Counterclaims, if permitted), Plaintiff shall file its Answer or other response (to counterclaim Counts I and II if amendment of Count I is permitted; Count II only if amendment is denied). Plaintiff's current deadline to answer Count II of the counterclaim of November 22, 2023 is hereby extended per the timeline described above.

If Plaintiff's response to Rum Inc.'s amended Counterclaim is a motion under Fed. R. Civ. P. 12, all deadlines including the deadlines identified regarding the Summary Judgment Issues shall be automatically stayed pending the Court's resolution of Plaintiff's Rule 12 motion.

Once the pleadings are closed, the parties will promptly meet and confer and propose to the Court a revised joint scheduling order with respect to the two Summary Judgment Issues consistent with the timelines set forth herein.

C. **Briefing Schedule for Parties' Motions for Partial Summary Judgment**

| Event | Joint Proposed Deadlines |
| --- | --- |
|  |  |
| Opening briefs supporting Motions for Partial Summary Judgment due. | **February 29, 2024.** |
| Responses opposing Motions for Partial Summary Judgment due. | **March 29, 2024.** |
| Replies in Support of Motions for Summary Judgment due. | **April 12, 2024**. |

### D. Remaining Case

While the parties pursue the above motions and the attendant discovery, all other deadlines in the case are stayed until the two summary judgment motions are decided by the Court, at which point the parties shall promptly meet and confer and propose to the Court a revised joint scheduling order with respect to the remainder of the case through trial.

**IT IS SO ORDERED:**

_____

Hon. Bruce E. Reinhart

Date: _____

Dated: November 22, 2023

**STIPULATED AND AGREED:**

| | |
|---|---|
| /s/ Eleanor M. Yost | /s/ Traci H. Rollins |

| **CHRISTOPHER & WEISBERG, P.A.** | **GUNSTER, YOAKLEY & STEWART, P.A.** |
|---|---|
| Elissa A. Tisdahl (Fla. Bar No. 85521)<br>etisdahl@cwiplaw.com<br>John Christopher (Fla Bar No. 493465)<br>jchristopher@cwiplaw.com<br>1232 N. University Drive<br>Plantation, FL 33322<br>Tel: (954) 828-1488<br>Fax: (954) 828-9122 | Traci H. Rollins (Fla. Bar. No. 769071)<br>trollins@gunster.com<br>John W. Terwilleger (Fla. Bar No. 107095)<br>jterwilleger@gunster.com<br>Gabriel Wilson (Fla. Bar No. 1036090)<br>gwilson@gunster.com<br>777 South Flagler Drive, Suite 500 East<br>West Palm Beach, FL 33401<br>Tel: (561) 655-1980<br>Fax: (561) 655-5677 |

*Counsel for Defendants Spencer Antle; Island Company LLC; and Island Company Rum, Inc.*

**CARLTON FIELDS, P.A.**

Eleanor M. Yost (Fla. Bar No. 1003178)
Email: eyost@carltonfields.com
4221 West Boy Scout Boulevard, Suite 1000
Tampa, Florida 33607
Tel: (813) 223-7000
Fax: (813) 229-4133

Kristin A. Gore  (Fla. Bar No. 59090)
Email: kgore@carltonfields.com
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida  33401
Tel: (561) 659-7070
Fax: (561) 659-7368

*Counsel for Plaintiff*
*Island IP Acquisitions, LLC*

134549445.2